34(a)(2), and Second Circuit Local Rule 34(d)(1).

**YOU CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–3707–ag.

United States Court of Appeals, Second Circuit.

March 2, 2007.

Norman Kwai Wing Wong, New York, NY, for Petitioner.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, Michael Sady, Assistant United States Attorney, Boston, MA, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

You Chen, a native and citizen of the People's Republic of China, seeks review of a July 20, 2006 order of the BIA affirming the March 30, 2005 decision of Immigration Judge ("IJ") Annette S. Elstein denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re You Chen*, No. A79 668 287 (BIA July 20, 2006), *aff'g* No. A79 668 287 (Immig. Ct. N.Y. City March 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts and affirms the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). This is not such a case.

■ Substantial evidence supports the IJ's adverse credibility finding with regard to Chen's family planning policy claim. Specifically, Chen testified inconsistently regarding the existence of a younger brother. Further, although Chen testified that officials were aware of both of her siblings' violation of the family planning policy in February 2002, she later admitted that their children were not born until 2003 and 2004. The IJ, therefore, acted within her discretion as factfinder to consider Chen's testimony inconsistent and her explanations for these inconsistencies inadequate. *See Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir.2005); *Cao He Lin,* 428 F.3d at 403.

■ The IJ also relied on Chen's failure to submit documentary corroboration for the existence of a younger brother, her mother's forced sterilization, and her ar-

**40**

rest. Such reliance was appropriate, especially in light of Chen's filing of other documentary evidence from China. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir. 2000) (absence of written corroboration may properly be considered in determining credibility).

In view of the record as a whole, the IJ's adverse credibility determination was supported by substantial evidence. Indeed, the adverse credibility finding with respect to Chen's asylum claim necessarily precludes her claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). There is also no evidence in the record tending to show that Chen would be subject to torture upon her return, especially in light of the lack of evidence pertaining to her alleged arrest. The IJ's denial of CAT relief is thus substantially supported by the record.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule34(d)(1).